UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
YURY A. LINETSKY, : CASE NO. 1:16-CV-52
:
       Plaintiff, :
:
  vs. : OPINION & ORDER
: [Resolving Doc. 39]
CITY OF SOLON, et al., :
:
       Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Cuyahoga County Assistant Prosecuting Attorney Ronni Ducoff, a non-party to the current litigation, seeks to quash a subpoena filed by Plaintiff Yury Linetsky.[1] Ducoff argues that the attorney-client privilege and work-product doctrine shield her from testifying or producing documents related to Linetsky's criminal case.[2]

For the following reasons, the Court **DENIES** Ducoff's motions to quash the subpoena and for a protective order, and **ORDERS** that Ducoff attend her deposition and produce the requested information.

**I. Background**

On January 9, 2016, Plaintiff Yury Linetsky filed a complaint against Defendants Bayan Linetsky-Gliner; Marina Gliner; Officers Michael Gantt, Keith Kulak, and Kristi Harvey; and the City of Solon.[3] Plaintiff Linetsky alleges that his adopted daughter Bayan made several knowingly false reports of sexual abuse against him, which caused the City of Solon police to

---

[1] Doc. 39.
[2] Doc. 39. Linetsky opposed. Doc. 59. Ducoff replied. Doc. 62.
[3] Doc. 1.

Case No. 1:16-CV-52
Gwin, J.

investigate, arrest, and eventually charge him with felony sexual crimes.[4] Linetsky claims that police should have stopped prosecuting him given inconsistencies in Bayan's testimony.[5]

Plaintiff Linetsky brings § 1983 claims for unlawful arrest, failure to investigate, malicious prosecution, failure to train, and supervisory liability against the individual officers and the City of Solon.[6] Linetsky also brings malicious prosecution, civil conspiracy, defamation, intentional infliction of emotional distress, and false light claims against Defendants Linetsky-Gliner and Gliner.[7]

On September 10, 2016, Plaintiff Linetsky subpoenaed Cuyahoga County Assistant Prosecuting Attorney Ronni Ducoff. Plaintiff's subpoena seeks (1) testimony as to the "investigation and prosecution of Yury Linetsky" and (2) "any and all documents, records, and tangible things . . . pertaining to State v. Linetsky . . . including but not limited to text messages and electronic communications with Bayan Linetsky-Gliner, Marina Gliner, Detective Kristi Harvey, Ptl. Michael Gannt, and the transcript of the 2014 grand jury proceedings."[8]

On September 14, 2016, Ducoff filed a motion to quash the subpoena and motion for protective order to relieve her from having to appear to testify and provide documents.[9]

## II. Legal Standards

Under Federal Rules of Civil Procedure Rule 26, parties may obtain discovery regarding any unprivileged matter that is relevant to any claim or defense involved in the pending action.[10] This includes the use of subpoenas under Rule 45.[11] Courts should liberally construe Rule 26 to

---

[4] *Id.* at 11, 48-49.
[5] *Id.* at 11.
[6] *Id.* at 42-48.
[7] *Id.* at 48-54.
[8] Doc. 39-1.
[9] Doc. 39.
[10] Fed. R. Civ. P. 26(b)(1).
[11] Fed. R. Civ. P. 45.

-2-

Case No. 1:16-CV-52
Gwin, J.

permit broad discovery.[12] However, a court must quash a subpoena that requires disclosure of privileged or other protected matter, or subjects a person to undue burden.[13]

"The movant bears the burden of establishing that the issued subpoena[] violate[s] Rule 45 of the Federal Rules of Civil Procedure."[14] "In evaluating a motion to quash, the court may consider 'whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) the information sought is relevant, nonprivileged, and crucial to the moving party's case.'"[15]

The burden of establishing the existence of the attorney-client and work-product privileges rests with the person asserting it.[16]

### III. Analysis

Ducoff argues that the attorney-client privilege "prevents her from giving any testimony as to her advice, assessment, or opinions regarding Plaintiff's criminal case."[17] Specifically, Ducoff references "text messages and electronic communications with Bayan Linetsky-Gliner, Marina Gliner, Detective Kristi Harvey, [and] Ptl. Michael Gannt" as privileged.[18] Ducoff also argues that the work-product doctrine shields her testimony and documents about the Linetsky criminal case because they "concern[] communications between the prosecutor and her agents in preparation for litigation.[19]

---

[12] *See United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 657 (6th Cir. 1976).
[13] Fed. R. Civ. P. 45(d)(3)(A).
[14] *Recycled Paper Greetings, Inc. v. Davis*, 2008 WL 440458, at *3 (N.D. Ohio Feb. 13, 2008).
[15] *Id.* (quoting *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003)).
[16] *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009); *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999).
[17] Doc. 39 at 2.
[18] *Id.* at 1.
[19] *Id.* at 3.

-3-

Case No. 1:16-CV-52
Gwin, J.

*A. Attorney-Client Privilege*

The attorney-client privilege does not apply here. The State of Ohio and Cuyahoga County—not law enforcement agents or witnesses—was Ducoff's client.

The attorney-client privilege generally does not apply to communications with law enforcement or witnesses because the government entity is the client, not the officers or witnesses.[20] Extending the attorney-client privilege to protect conversations with police officers "stands squarely in conflict with the strong public interest in open and honest government."[21]

Although police officers can assert the attorney-client privilege, "the individual officer must indicate to the lawyer that he seeks advice in his individual capacity."[22] For the privilege to apply, the officer must "clearly claim" he is requesting legal advice.[23] Thus, unless law enforcement and other witnesses were meeting with the county prosecutor as "clients at a meeting with their lawyer," the privilege does not apply.[24]

During the Linetsky investigation and prosecution, the State of Ohio and Cuyahoga County was Ducoff's client. Detective Harvey, Patrol Officer Gannt, and witnesses Linetsky-Gliner and Gliner did not seek Ducoff's legal advice in their individual capacities. Ducoff therefore cannot assert the attorney-client privilege to avoid testifying about the Linetsky investigation and prosecution.

---

[20] *See Ross v. City of Memphis*, 423 F.3d 596, 605 (6th Cir. 2005) ("[G]enerally in conversations between municipal officials and the municipality's counsel, the municipality, not any individual officers, is the client.").
[21] *Reed v. Baxter*, 134 F.3d 351, 356 (6th Cir. 1998).
[22] *Ross*, 423 F.3d at 605.
[23] *Id.*
[24] *Reed*, 134 F.3d at 357.

-4-

Case No. 1:16-CV-52
Gwin, J.

*B. Work-Product Doctrine*

The work product doctrine also does not shield Ducoff from testifying or producing documents about the Linetsky investigation and prosecution.

In asserting the work-product doctrine, Ducoff bears the burden of establishing that the documents were prepared in anticipation of litigation.[25] Rule 26(b)(3) of the Federal Rules of Civil Procedure explains the work product privilege, which protects some materials from discovery:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.[26]

As an initial matter, "the requirement that protected materials be prepared in anticipation of litigation or for trial does not necessarily require that the materials were prepared in anticipation of the same litigation or trial in which the discovery is sought."[27] The Sixth Circuit "view[s] the work product doctrine as protecting work produced in anticipation of other litigation."[28]

The work product doctrine provides varying levels of protection. "Core" opinion work product—"the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation"[29]—is almost never subject to disclosure,

---

[25] *United States v. Roxworth*, 457 F.3d 590, 593 (6th Cir. 2006).
[26] Fed. R. Civ. P. 26(b)(3)(A).
[27] *Pirolozzi v. Stanbro*, No. 5:07-CV-798, 2009 WL 1314765, at *1 (N.D. Ohio May 9, 2009).
[28] *Leggett & Platt*, 542 F.2d at 660.
[29] Fed. R. Civ. P. 26(b)(3).

-5-

Case No. 1:16-CV-52
Gwin, J.

with rare exceptions. In contrast, factual work product only receives "qualified protection" against discovery.[30] Under Rule 26, factual work product is still subject to disclosure upon a showing that "the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means."[31] Thus, where a "substantial need" is shown, the work-product doctrine shields "[legal] suggestions, advice, recommendations, and opinions," but not "factual and investigatory reports, data and surveys."[32]

To the extent the work product doctrine applies here, Ducoff's testimony and documents are subject to disclosure. First, the primary information sought by Linetsky— law enforcement officer and witnesses statements—is factual rather than opinion work product.[33] Thus, the information does not qualify for the greater protection accorded to "core" work product.

Second, Plaintiff Linetsky has a substantial need for the information. A pivotal issue in this case is whether the police had probable cause to arrest and prosecute Linetsky. Officer communications to Prosecutor Ducoff are therefore highly relevant. "[C]ourts have regularly held that in cases of alleged police misconduct, plaintiffs have a substantial need to discover statements that the officers made to prosecutors."[34] Disclosure is warranted because Linetsky has a substantial need for the information.

Third, any alternative source of information would not be the "substantial equivalent" of Ducoff's testimony and documents. Although Linetsky can depose law enforcement and other

---

[30] *Leggett & Platt*, 542 F.2d at 660.
[31] Fed. R. Civ. P. 26(b)(3).
[32] *Leggett & Platt*, 542 F.2d at 660.
[33] *See Abdell v. City of New York*, No. 05 Civ. 8453, 2006 WL 2664313, at * 6 (S.D.N.Y. Sept. 14, 2006) (holding that witness statements are factual, rather than opinion, work product, "even where those statements have been summarized by counsel").
[34] *Id.* at *7.

-6-

Case No. 1:16-CV-52
Gwin, J.

witnesses, the passage of time may color their recollections. Contemporaneous text messages, electronic communications, and witness statements will be more accurate and useful.

Ducoff fails to bear her burden of proving that testimony and documents about Linetsky's investigation and prosecution are opinion work product, containing her mental impressions or legal theories. Linetsky has a substantial need for this information, and there is no substantial equivalent for Ducoff's testimony or documents. The work-product doctrine does not immunize Ducoff's information from disclosure.

Notwithstanding the fact that the work-product doctrine does not shield the primary information sought by Linetsky, some residual information may merit protection. Ducoff's mental impressions and legal theories receive protection, but facts and investigatory summaries do not.[35] To the extent that Ducoff wishes to redact specific information from produced documents, she shall propose a procedure for doing so to Plaintiff Linetsky's counsel.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** the motions to quash and for a protective order, and **ORDERS** Ducoff to submit to a deposition and produce the requested documents.

IT IS SO ORDERED.

Dated: September 28, 2016                    *s/        James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[35] *See Leggett & Platt*, 542 F.2d at 660.