UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------

YURY A. LINETSKY,  :  CASE NO. 1:16-CV-52

      Plaintiff,  :

vs.  :  OPINION & ORDER
                                           :  [Resolving Doc. 48]

CITY OF SOLON, et al.,  :

      Defendants.  :

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Marina Gliner moves to exclude the expert testimony of William D. Evans.[1] Gliner argues that admitting Evans' late-identified expert testimony would unfairly prejudice her. Plaintiff opposes.[2] For the following reasons, the Court **DENIES** Gliner's motions to exclude the report and testimony.

## I. Background

In a previous order, the Court required Plaintiff Linetsky to identify his expert or experts by June 20, 2016.[3] The Court required parties to exchange expert reports by September 27, 2016.

On August 13, 2016, Plaintiff Linetsky notified Defendants of his intent to use William D. Evans as a polygraph expert.[4] Evans' expert opinion states that Plaintiff truthfully denied sexually abusing his daughter during two polygraph examinations. Linetsky concedes that he did not list Evans as an expert in a June 17, 2016 letter identifying his other expert witnesses.[5]

---

[1] Doc. 48.
[2] Doc. 74. Defendant Gliner replies. Doc. 75.
[3] Doc. 27.
[4] Doc. 74 at 2.
[5] *Id*.

Case No. 1:16-CV-52
Gwin, J.

## II. Discussion

Although "[d]istrict courts have broad discretion to exclude untimely disclosures of expert-witness testimony,"[6] exclusion is a "harsh sanction."[7] Under Federal Rule of Civil Procedure 37(c)(1), a party may use an untimely expert report where the failure to identify the expert was "substantially justified or [was] harmless."[8] When evaluating late expert reports under Rule 37, the Court also considers whether admitting late reports would prejudice the adversary and whether the untimely disclosure was "due to willfulness, bad faith, or fault."[9]

Linetsky's untimely disclosure was justified. When Linetsky made his June 17, 2016, expert disclosures, he had no reason to believe that Evans' expert opinion would be relevant. His daughter had repeatedly admitted that her sexual abuse allegations were false. However, during discovery, it became apparent that Defendant Gliner may claim that Linetsky actually sexually abused their daughter.[10] This late development justifies the untimely disclosure of Evans' expert opinion, which addresses the likelihood that Linetsky sexually abused his daughter.

Moreover, the Court rejects Defendant Gliner's contention that Linetsky's late identification of Evans will unfairly prejudice her. Gliner was aware of Evans' identity prior to the expert disclosure deadline. In his May 3, 2016 initial disclosures, Plaintiff Linetsky identified Evans as an individual with knowledge of information relevant to Plaintiff's claims.[11] The initial disclosures described Evans as a "polygraph examiner who conducted polygraph examinations on Plaintiff regarding Defendant Bayan Linetsky's allegations of sexual abuse."[12] Gliner also

---

[6] *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000).
[7] *Barnette v. Grizzly Processing, LLC*, 809 F. Supp. 2d 636, 642 (E.D. Ky. 2011).
[8] *Matilla v. S. Ky. Rural Elec. Co-op. Corp.*, 240 F. App'x 35, 42 (6th Cir.) (quoting *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)).
[9] *See, e.g.*, *Stamtec, Inc. v. Anson*, 195 F. App'x 473, 479 (6th Cir. 2006).
[10] Doc. 56-1 at 113.
[11] Doc. 74-1.
[12] *Id.*

Case No. 1:16-CV-52
Gwin, J.

had the opportunity to depose Evans and did so more than a month before expert reports, rebuttal expert reports, and dispositive motions were due.[13] Additionally, although Linetsky failed to identify Evans prior to the June 20th deadline, nothing shows that he acted in bad faith. The absence of prejudice and bad faith outweighs any potential fault on Plaintiff's part.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Gliner's motion to exclude any export report or testimony by William D. Evans.

IT IS SO ORDERED.

Dated: October 20, 2016  *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[13] Doc. 73-1.